Okay. Last case, United States v. Pate. Mr. Mains. It pleases the Court. It's an honor to be in front of you to answer your questions and address Mr. Pate's arguments in this case. I'm not an experienced appellate attorney, if you can't tell from my briefing. I loved it. There might be a good reason for that. Newsom is an experienced appellate attorney. So taking your keys from him might be a good idea. And so I have done in my briefing. Some of the experienced appellate attorneys at the United States suggested that we should dismiss this case as improperly granted because it doesn't even make a difference to your client. What's your response to that? Yes, Judge Grant. Well, the first thing I would say is that it's undisputable that the United States government is the largest employer in the United States. Increasing the number of criminal offenses by including all former government officials would create a huge expansion of criminal liability. Well, does that make a difference to your client? Well, I think that was Judge Grant's question. Yes. Well, I think, I mean, if you win today, your client has fewer convictions, right? That is undisputable, yes, Your Honor. He would have four less felony convictions. That would impact his potential designation and security with the Bureau of Prisons. That could potentially impact his plea in some period, not his plea, his sentence in some manner. His offense level is largely driven by the bankruptcy issues in this case. The other aspect to the exception. He also has less special assessments to pay. That's also correct, Judge. So from a mootness standpoint, the case is still alive. It is, and especially for someone that's resistant to judicial or any governmental authority, as is this case, that might be particularly important to Mr. Pate at some point if he manages to survive his expected sentence because he appears to be very reluctant to recognize any form of judicial authority, which makes this convening of this body all that more remarkable as a testament to our justice system. And the other aspect to whether this is an exceptional question, Judge Grant, to address your question is this involves the very highest level of government employees. These are Article II appointees by the President. This was Secretary Lew who came and testified to the jury in the district court for this case. These are exceptionally important. The government, on one hand, says it's not exceptionally important, but on the same time, they're bringing in the very highest level of former government officials, former Commissioner Considine. Let me ask you a question because this case went to a jury, correct? Yes, Your Honor. And you did not object to the jury charge that went before the jury? Other than for the good faith defense that you did argue for that. But other than that, you did not contest the charge that was done to the jury about unaccounted performance of official duties? I would say prior to that, Your Honor, I did move to pretermitting that issue to vacate those charges involving the false claims against former Commissioner Considine. But you did not do it based on the fact that it was not based on their unaccounted performance of official duties? The actual wording of the jury charge, the appellant's position is it would not be pertinent, but yes, I do concede that. I did not request that. And the jury found that the lien, the false lien, was filed on account of performance of official duties, correct? I don't know if that was, I can't know what the jury's thoughts were, but that is the verdict that they rendered, and that was part of the jury charge. And that was part of the jury charge, correct. As it relates to the exceptional importance question, I think I've summarized that, except for this one other point, which is that when petition for en banc was made back in, I believe, September of last year, the government did not file an opposition. In fact, government filed no— There's no requirement to file an opposition. In fact, it's not allowed by the rules. Yes, Your Honor. But the point is the government did wait until en banc was granted in this case, and only upon a few days before their initial brief was due, then filed a request to dismiss this as improvidently granted. So it is a bit late at that point to then bring up these issues for the first time after— Again, there's no mechanism in the rules that allow a party to respond to a request for en banc. We have to order that response. Correct. Thank you. Could you address—could you get into the merits and address the point that Judge Lagoa just made, which is that the jury found that these liens were filed because of an official act that was taken by the Secretary when he was Secretary? Why isn't that good enough under the text of the statute for us to affirm the conviction? Because pre-submitting that issue is the fact that he was not a government official when those liens were filed. So from the standpoint of construing the statute, the false lien statute, this statute adopted in 2008 after a prior statute protecting government officials, Title 18 of United States Code 111, which protects federal employees from physical retaliation, which included former government officials just two years prior to this law. Right, but this particular statute, 1521, only deals with filing a false lien that you know or have reason to know is false on account of performance of official duties by that individual. That is the only reason that you have that. And that determination, which is a factual determination, that was made by the jury. I do agree that that was the language charged and that was the jury's verdict, but I would say that looking forward in other cases or even in this case, the requirement that it be in connection with their government service, especially in the context of a high-level government official like Secretary Lewin. Right, but let me ask you another question. And this wasn't really necessarily briefed, and I'm not sure, but I think this is actually procedurally probably how it should have been done. Section 114 obviously is cross-referenced in a lot of different statutes. And when you look at how it's incorporated into different statutes, the way it's been interpreted by the 6th, the 9th, and I think the 10th, is it's really a jurisdictional element. And that's why there isn't a center requirement, like that the defendant needs to know that that person is an employee or an official or that they're assisting an employee. That's why you can have an undercover officer and you don't have to have knowledge of that. So I guess my question is, in all these other cases, the way normally it worked was they moved for judgment of acquittal based on lack of jurisdiction because it's a jurisdictional hook. Your Honor, I would say that as far as the element of in-connection with their official duties, that could get very murky, especially in high-level offices. So when you have a former secretary, Lou, who... But there's nothing here, by the way, in some of the other statutes, they do make very specific things where they talk about a federal officer, they talk about a judge, and they do vice president, and they're very specific. Here, it's any individual described in 1114. I mean, it doesn't matter whether or not, if you are a local sheriff who's been deputized by the U.S. Marshals, it doesn't matter if you are someone who works for the Bureau of Indian Affairs, it doesn't matter if you're a park ranger. If something happens on account of performance of your official duties, should you not be covered, does it matter that, let's say, you're a local sheriff who's deputized and you go and you serve a bench warrant? It matters significantly because that could be inherently political speech. But let me ask you a question. Don't we have to interpret what the statute actually says here? I mean, don't we have to interpret the text as it's written? Yes, Your Honor, and that was... So we can't really consider whether it might be a good idea to protect former employees if they're not actually protected by the language. Would you agree with that? Judge Rosenbaum, I wholeheartedly agree, and that's why I... Yes. Which doesn't say... Related to that, if I could. Yeah, Judge Rosenbaum, it's not finished. 1-1-1 and 1-15 all incorporate the language from 1-1-1-4, right? Yes, Your Honor. Just the same as this statute does, right? Yes, except 1-1-15 does have the additional A-2 requirement. Yes, and that was going to be my next point. So we're talking about exactly the same language in all three statutes, but Congress amended 1-15 specifically to refer also to those who formerly served as a person designated in Section 1-1-1-4. Isn't that correct? That's 100% correct, Judge. What do we take from that? I think it means that Congress specifically considered their protections of federal officials and included those former government officials within 1-1-1-5. Because they thought that 1-1-1-4 did not include them? It's speculative, but it's... How speculative is it? Have you read the House Conference Report? I confess I have not. I've checked. It's under Chapter 73, which does not have a, I believe, a preamble stating of express purpose to this particular statute or that chapter. Well, were you aware that in the House Conference Report, it notes that the statute currently provides protection to currently employed federal law enforcement officers and the family members of former law enforcement personnel, but curiously, former federal law enforcement officers are left out of the statute's coverage. And so the subsection of the bill that became the law that added that language corrects this omission. I did not, I was not aware of that committee subreport, Your Honor. Yeah, I mean, even without respect to getting into the conference report, this shows at the very least that Congress knows how to include former government employees when it wants to. For whatever reason, it did in 1-11 and 1-15. It didn't in 15-21. That may be stupid, but it didn't. Let me ask you a follow-up question. You said you agreed with Judge Rosenbaum that we shouldn't read into the language which also doesn't say current. You would concede that, too, correct? That's correct, Your Honor. And we also have the Robinson v. Shell Oil case and the Davis v. Michigan Department of Treasury case, albeit involving different statutes, where it did not specify whether the employee was current or former, and the Supreme Court held that that just generic term, employee, encompassed both former and current, correct? Well, yes, Your Honor, but Shell specifically was held as former employees are included because then it would defeat the entire purpose of retaliation, which was termination. But it looked into the context. They're a former employee the minute they're terminated. It looked into the context of the statute. The context was so overwhelming. Right, but here in FEOLA, and 11-14 was an original statute that was part of Section 1 and Section 2 of the 1934 Act. In FEOLA, didn't the United States Supreme Court say that the jurisdictional element of federal officer is there to protect federal function and federal office? How does this not protect federal office and federal function if you're trying to prevent someone from having a retaliation on account of because of something that they've done as part of their official duties? I mean, your client, I mean, there was evidence put forth at trial from your client's own admissions that if things were not done and monies were not given to him, that he was going to file these false liens against all the individuals that he filed against. That is correct. He did threaten that several times in front of me as well. So I would say, Your Honor, that — there's no dispute that he, in fact, filed these liens as a result of things that they did while they were in office. I think it could have easily been his misunderstanding of what their policies were at the time regarding refunds. He thought he was entitled to a refund. And that's really the point I'm trying to drive home is that when you read into these bases connected to his official duties, that can transpose into political speech very, very easily. So his motivations — You did not make a vagueness challenge before the district court, correct? No, Your Honor, I did not. You did not make a vagueness challenge under the due process clause of the Fifth Amendment. You did not make one under the First Amendment either, correct? No. And I think there's precedents already establishing that. For my purposes, I don't think you need remotely to die on the Hill of whether this was on account of or wasn't on account of their government functions. There is a separate necessary condition under the statute, namely, that they be an employee or officer of the United States. They either were or they weren't. Your position is they weren't. Who cares if it was on account of? They've got to meet both elements to prosecute this guy. And that goes to the preterm mission, Your Honor, and that is perfectly in line with what we've argued from the beginning, which is we don't reach those issues. Look, I see the superficial appeal of relying on 115, the addition of any person who formerly served as a person designated in Paragraph 1. But the language in Paragraph 1 of that statute is a little bit different than the one we're used to. It doesn't just reference officials named in Section 1114. It says an official who's killing would be a crime under Section 1114. And to be a crime under Section 1114, you have the person has to be killed, has to be killed, you know, while they're in the exercise of their duties, something like that. Right? That's different than just referencing a person who is an employee. Isn't that right? I think you can't remove Section A2 from the analysis in that it requires included in that question. Your answer is that it's both. It has to be an individual who is an employee and on account of. Yes, except in that particular case under 1115, there was that provision that protected family members. Right, right. But you need two things, though. I just want to make sure you understand me. You need two things to be liable under 1114. It needs to be an officer employee of the United States, A, and then B, while such officer employee is engaged in or on account of the performance of official duties. Right? So 115 brings in both of those, which is why they needed to add the former, because a former person couldn't be engaging in combat. There is a temporal limitation inherent in 1114, and the temporal limitation is engaging, which means it can only be in the present as opposed to on account of performance of official duties, because that has no temporal limitation. I guess the question is, so if the element of the nexus between official duties as an jurisdictional requirement for the government exists, then that satisfies any concern about whether someone is in a former capacity as an official. And, Your Honor, I just think from a statutory construction standpoint, we don't reach that issue. Well, but 1114 also has another subset of people, because remember, it's any individual. It's a person assisting such officer or employee in the performance of such duties or on account of that assistance. Is it your position that if you have a confidential informant who is assisting in a Federal investigation with, let's say, the Marshal Service, and the Marshal that he is providing information to retires, does this individual, this confidential informant, have any protection, or is the protection tied to the employee? Then I think it changes, because that hypothetical cannot exist, because that former government official is acting on behalf of the government. If he is engaged in a law enforcement activity, he's not acting as a private individual, and therefore that confidential informant is acting on behalf of a private individual. So, in that particular scenario where a retired FBI agent contacts an informant who is then killed in line of duty. No, no. The informant is giving information while the Marshal is employed. If I get out of jail, the defendant gets out of jail and decides, I know who snitched on me and I'm going to kill him. I think in that position, that if he is murdered, because the Marshal is now retired, that's okay. It just becomes a State crime. Because again, I think 1114 incorporated in these statutes is a Federal jurisdictional element. Does it become just a State crime then? I think that you could include, potentially, the informant as any person, and that former government official status would not be applicable to the informant. Because while it occurred, the official that they were assisting was an employee. Correct. So I just think every time it relates back. Okay. We've gone way over. Our time is limited. You've saved some time for rebuttal. Mr. Stuchel. May it please the Court. Good morning, Your Honor. It's James Stuchel for the United States. I still maintain that this Court improvidently entered the order granting en banc corrective. But we necessarily kind of decided that question already. That's why we're here. I thought we carried it with the case. I believe the Court carried my motion with the case. Yeah, we did. We did. But I mean, we would not have granted it unless the majority of us thought that this was a But perhaps the Court overlooked some things that I pointed out in my motion. The fact that there's a circuit, that we would be creating a circuit split with some unreasoned decisions from other circuits. I mean, what we're talking about here is whether someone is covered by a criminal offense definition that Congress has provided. Right? And if Congress hasn't defined that as an offense, and we say it has, we have invaded its power, its legislative power, to define a criminal offense and potentially deprive an innocent person of their liberty. Right? You don't think that's en banc worthy? No, I don't. And the reason is because throughout this whole appeal, the parties and the Court and the panel have probably focused on the plain meaning of the statutes. Well, we ought to do the same thing on the plain meaning of Federal Rule of Appellate Procedure 35. That lays out two criteria, which Judge Carnes has called Why wouldn't it be an issue of exceptional importance whether we broaden the definition of a criminal offense and affirm the conviction of someone who is otherwise innocent? Exceptional importance is defined in Federal Rule 35 as necessary to maintain uniformity of this Court's decisions, meaning the panel decision conflicts with either one of the Supreme Court or the Eleventh Circuit. Pate hasn't identified any such. In fact, the two Supreme Court opinions closest to the issue presented here actually favor the government's position. Can I ask you a quick question? So it's true that we carried the motion, but has something happened in between in the intervening months between the panel decision and now to render this not in-bank worthy? Like, the only example that I could find in which this Court has ever digged, so to speak, an in-bank case was in this case called Blaylock, where the sentencing guideline, the relevant sentencing guideline, was amended between panel and in-bank hearing. It makes total sense. But has something changed between the time that this case was voted in-bank and now? I'm not familiar with that case. In my motion, I cited two opinions, on-bank opinions from this Court, simply saying that the Court granted the order improvidently. Yeah. One of them was Blaylock. I think that's the name of it. I could be misremembering. But in which the relevant provision of the sentencing guideline that we were going to reconsider had been amended in the meantime. It effectively, de facto, mooted the issue before us. That's just not remotely what we have here, right? There's been no amendment that I know of. But, again, there's no conflict with Supreme Court opinions. They support my position. There's no conflict with any other circuit court opinion. But shouldn't we be concerned any time that we are construing a Federal criminal statute to impose liability on a person if, in fact, Congress did not write it to impose liability on that person, especially if other circuits have misconstrued it? Because isn't there a separation of powers problem? And why isn't that of exceptional importance? Yes, there would be a separation of powers problem. But this, the panel's opinion, is not an issue of first impression in circuit courts. It doesn't have to be. So I want to go back to the Federal rule of appellate procedure that you misstated. You said that we've defined exceptional importance as necessary to secure and maintain uniformity. Wrong. Necessary to secure or maintain uniformity of the court's decision is subparagraph one, and it is followed by a very important word. You know what that word is? Not offhand, no. Or. Or, two, the proceeding involves a question of exceptional importance. Those are disjunctive. Yes. Yes, they are. One is not defining the other, which is what you represented a moment ago. But the example that it gives of exceptional importance is when the panel ruling conflicts with every other similar ruling of a circuit court. That would be. It could be. It could be. But that's one example, but it doesn't have to be. Yeah. My only point is that's not the case here. Can I give you a little bit of inside information without giving up secrets of the manner? I would appreciate that. Despite what the language of the rule says, reasonable judges disagree all the time about whether a case is exceptional enough to merit en banc review. Because the standard is relatively broad and people have different perspectives on what matters more and what matters less. So I wouldn't bank on getting this case. You've made your argument, and my humble suggestion is that you move on to the merits. To be honest, Pate's primary argument here on the merits is that his convictions are invalid because in common parlance the terms employee and official include only current ones and exclude former. How do you deal with the contrast with 1115? Congress clearly added former officials and employees in contrast with this statute. That's correct. Congress added them in two sections, 111 and 115. But it did so because it wanted to create two separate crimes, one for formers and one for currents. But it wouldn't have needed to if 1114, in the nature of things, already included formers, which is your position here. It is. Why would it have needed to break them out into two separate crimes? Covered. That's entirely my point. 1114 includes both currents and formers, and so that applies. So why explicitly refer to formers in 111 and 115? Isn't 1114 a jurisdictional element? Isn't that why it's incorporated into the statute? Yes. 1114 by itself is a crime, right? But 1114, when it's incorporated, isn't a jurisdictional element. It's just to get you into Federal court. Without the Federal status, I kind of — State court. Then you're just in State court. That's the whole point of this, is to be in a Federal form, because they think that it's important to protect Federal function and Federal office. Yes. And the — Let me ask you a question, though. Let's look at 111. Let's just take this step by step. 111 says, Section 1521 says, by that individual. So it's the same kind of language here, and it's incorporating 111.14. Both of these have the same language, while engaged in or on account of the performance of. And Congress thought that it needed to explain, it needed to define a separate crime for those who formerly served under 111. They did the same thing under 115. Why doesn't that indicate that Congress believed that as written, which is almost exactly the same as as written under 1521, it did not encompass former employees? Because Section 1114 creates one crime, killing a Federal employee. And it has the same set of essential elements. Or a person assisting a Federal employee. Yes. But that goes to the definition of whether it qualifies as an employee or an official. And that actually helps my position. Those are two different crimes. I'm sorry? Those are two different crimes. No, they're two different ways of — two different alternative ways of fulfilling the element of. And to be clear, I was actually — I was reading to you from 111. Yes. That's all that. Yes. Again, Section 111 creates one crime. So there's no need to distinguish between current and former. The same thing with Section — But why is that? That's what I'm trying to understand. Because Section 111, Congress created two different crimes with different essential elements. I understand you keep saying that, but I'm not understanding why the language difference requires that — requires that construction. I mean, it doesn't make sense to me. It looks to me like the language is the same. And in one case, 111, Congress is saying, oh, that doesn't include former employees. We need to write a separate statute to include it. And the other, there's no indication other than the exact same as what did not — what Congress construed as not including former employees. 111 creates one crime, whether it's a — the victim is a current employee or a former. Section 1521 does as well. But 111 creates two separate crimes with two separate essential elements. For example, enter 111, subsection A-1. That applies — sorry, A-2. That applies to someone who assaults or intimidates a former employee. Subsection A-1 applies much broader. It covers criminal conduct that includes not only assault and intimidation, but also, additionally, interference, impeding, resistance, or opposition. But that's because of the nature of being a former employee. You can't resist a former employee doing his or her job as a current employee. That makes no sense. But isn't — isn't that the reason why you would have to do two versions? Because the acts that a defendant would do would not make sense to somebody who is a present employee, a current employee, versus someone who is a former employee, but you don't need that in 1521 because 1521 is a filing of a false lien which can only be done after the fact, after someone has committed or done something as part of their official duties. Because, again, you can only be held responsible here criminally if you, the defendant, file, conspire to file, or attempt to file a false lien knowing that it is false or has reason to know. And, again, and then only on account of performance of official duties. So it's not enough that you're an employee. You have to be retaliating. This is really a retaliation statute, and you can only do that after the fact, not while someone is engaging in something. But I'm sorry. So if I may, it's true. Judge Lagoa is exactly right that a necessary condition to a prosecution and conviction here is that the lien be filed on account of performance of the duties. It is also true that a necessary condition of a prosecution or conviction here is that the lien be filed against an officer or employee of the United States. Now, pass through to 111, sorry, to 1114. What do we say? You started with common parlance. Why is common parlance not strongly in Mr. Pate's favor here? Common parlance is the start of analysis, but it's not the end. Well, so let's start there. With a criminal statute? With a criminal statute? It's not? Yes. So we're not going to – look, one of my biggest problems in this is even if there were some ambiguity in this, we'd have to favor the defendant, wouldn't we, the accused? The court has to use the rule of lenity as a last resort.  If after the entirety of its analysis there's a grievance and ambiguity. Well, then explain why Judge Newsom's interpretation is not a plausible one. It's not plausible because, as the Supreme Court has said on the two leading cases most closely on point, sometimes the common understanding of employee or officer can actually include former ones in the context of the statute. And that's why I said earlier. Unlike in Robinson and Davis, in those cases there were textual clues in the statute that it had to apply to former employees because otherwise it didn't make sense in the retirement context and also in the situation of an employee who's been discharged. But what language is there here that would require us to take other than the common parlance meaning? I disagree slightly with regard to Davis. In Davis, I don't think the court found any textual language it hinged on. Rather, importantly, the court realized that the retirement benefits at issue in that case accrued to the retiree, quote, on account of his earlier performance years earlier while he was a federal employee. On account of is the crucial language. But was there any language similar in the statute in Davis to the language we have here that first required that the victim, so to speak, they're the one whose accounts are being taxed, was, in fact, an officer or employee of the United States? In Davis? Yes. As I read the statute, it says that it was okay for states to tax, quote, compensation for personal service as an officer or employee of the United States. Not necessarily that the person have been an officer or employee of the United States at the time. Here in Davis, essentially all you have is on account of language. You don't have any job status requirement at all. I don't see it. In 1521, you've got two different conditions. One, job status. Were you an officer or employee of the United States? Two, causation. Was it on account of? Here, all you really have is on account of. Again, the simple fact is that employee and officer, as used in 1114, might in ordinary parlance include only currents, but it doesn't in the context of the statute. And the reason there are two statutory clues in this case, and the first is on account of, as has been pointed out here. But you don't. A criminal. I'm sorry. I should let you finish. I'm sorry. No, no, please. You go ahead. A criminal can commit a horrible act against a federal employee on account of, while that person, victim, is still employed, but also just as readily after that person has resigned. Both of those things are true. Nobody doubts that. I don't think you're going to get many detractors from telling you that a statute drafted in the way that you see it is bad public policy. But the question is whether the statute was drafted in that way. Let me ask you this question, which is a little bit of a wrinkle. If your position is right, there's no temporal limit to when this crime can be charged, right? Except the lifetime of the former employee or official. They say that revenge is sometimes a dish best served cold, right? I'm a Star Trek fan. So if someone serves a long prison term and decides, I'm going to take revenge now after I've done my time, waits 20, 25 years, and then does this, in your interpretation, that's perfectly fine. That's correct. Let's take temporal limitation, whereas if you read it the other way, the first element to use Judge Newsom and Judge Rosenbaum's bracketing, right, the status, gives you a temporal limitation because you can only be charged under the current statute, I think, while you are an officer or while you're an employee of the United States. Otherwise, the world's your oyster. You can just go. Under 1114, either one would be possible because there's two separate clauses. While engaged in official duties, that occurs only while the victim is still a federal employee, but on account of, which can occur both while the victim is still. . . The problem is I don't think you're grappling with the meaning of employee, and that is a requirement that you have to check the box for before you get to on account of or in the performance of. And so perhaps you could explain to us why the word employee necessarily includes former employees in this statute. As part of that, I'd also like you to address, then, any person assisting such an officer or employee in the performance or on account of that assistance. Yes. I was going to go there in response to Judge Jordan's statement. If you take Pate's position, that would mean that under the second clause of 1114, the assistant clause, a purely private employee who's never one day in his or her life been a federal employee gets perpetual protection under 1114 and all the other criminal statutes that make reference to it merely because he or she assisted a federal employee on one time, on one day, in one limb and circumstance. Except that that clause is not at issue here. But it's at issue because we're interpreting what employee and official mean in 1114. But the definition of employee and official does not include the second clause. The second clause gives you a separate person who can be the victim. Any person assisting such an officer or employee, if you're an officer or employee helping an officer or an employee, you're not another person. You're an officer or employee. Right? Excuse me? If you're an officer or employee helping an officer or an employee, you're not another, quote, unquote, person. You're an officer or an employee in your own right. Correct? I'm honestly not sure. You and I work for the Treasury Department. We're both working on the same tax case. I'm an IRS official. You're an IRS official. You're the main person. I help you in doing something which sets off our supposed perpetrator in the statute. And he files a lien while you and I are in office. What am I? If I understood correctly, you're a federal employee. Yes. I'm not another person. You don't have to go to the other person clause because I'm already an officer or employee. Yes, but the other person clause, you don't read just words in a statute. Correct? You read for context. That's the point I've been trying to get to. When you read for context, you have to then say, is there a temporal limitation for the confidential informant who is not a federal employee or officer but has protection because they helped a federal officer or employee? And it doesn't make sense contextually to have protection for a non-federal employee who helps a federal employee or is a federal employee who is no longer an employee. If I may before we end, I think it's an important correction. I think some here, perhaps I misunderstood, but have suggested that the rule of lenity applies when there's a plausible pro-defendant argument. That's not the case, is it? It takes a grievous ambiguity rather than merely a plausible argument. That's right. I believe it said it must be at the end of analysis, this Court concludes the statute is grievously ambiguous. Ambiguous. Ambiguous. That's after applying all the other canons, right? Yes, but also including consideration of the statutory purpose. That's what we haven't talked about yet, but there's a pretty important. Okay. Judge Wilson has a question. This is going to be the last question. And I'm going to ask you about just returning to Judge Jordan's hypothetical with regard to the temporal limitation. Why isn't it possible or probable that when Congress drafted this statute, it was with the understanding that this sort of conduct is covered by the states? There's a Georgia statute that makes this conduct illegal. It's a violation of Georgia law. I think it's 161020 that makes it a crime to file a false lien against any of the states. I'm honestly not familiar with that provision of state law, but I don't think it matters to the analysis. I'm not familiar that there's any such alternative remedies doctrine in criminal law. If Congress has validly enacted Section 15. But Pate can be prosecuted for a violation of this statute in Georgia, though, right? No. I'll take Your Honor's word for it, but I don't think it matters as to whether our convictions of him are valid. Okay. Okay. I think we understand your case. Mr. Maynes, you have five minutes. To the extent you want to use it. I want to distinguish Davis as well, the Michigan tax code. That dealt with accrued benefits. And the way I conceptualize that case is what Michigan was attempting to do was tax benefits and discrimination between State and Federal employees for benefits that had already been accrued. So in this — in Pate's case, his conducts occurring, there's nothing to divide during that, you know, Commissioner Considine's service. That's complete. Robinson, though, seemed to straddle both of those things. In other words, one could be retaliated against and have a retaliation claim and still be a current employee. You would agree with that? It's just — it's horribly inconsistent on its face to say anything else, to say that you can have a retaliation claim. But you can't have it against a former employee. To answer my question, you agree with me that one could be retaliated against and still be a current employee, correct? Absolutely. It happens all the time. And also one can be retaliated against and be a former employee, correct? I think that narrowly the Davis case does state that. And, again, I want to go back to my argument that because — Well, if you would answer my question, it would be really helpful. I have — yes. So it straddles both of those things. And what the Supreme Court said is because it straddles both, it would make sense to read employee as both former and current, correct? In that very, very limited circumstance, yes. So Robinson also looked at other statutes that had employee and that used the term former. And the argument was made, similar to the argument here, is, well, if they're specifying former, then employee has to mean current, right? That was an argument that Robinson — the Robinson court dealt with, right? Yes. And how did it deal with that? Essentially, it looked at the purpose of the statute, which was — in the Davis case, it was just simply talking out of complete both sides of the mouth to say you can't have a claim for retaliation against someone you fired by saying that they're not an employee anymore because I fired them. Right. So that kind of — there, it had to be implicit in the statute, right? Yes, Your Honor. Yes, it has to be extraordinarily clear, like Davis. And even then, there was great deliberation. How do we then apply that to the on account of language here? Because I think my colleagues are absolutely correct. We have to focus on what the term employee or officer means, but we have to read it in context. And so the context here is this on account of, which is used in multiple statutes, including in 521.  No. No, Judge. I think that when you look at the chapter as a whole, it's, you know, chapter, I believe, 73 or 63. The chapter deals with obstruction, obstruction of proceedings. And I think that's particularly important when interpreting the false lien statute is what — if the government — if it's an employee, it's much more obstructive to that current government employee, such as in this particular case, the court — Right. But I'm focused on the language here. Certainly, you're talking about the very overall general purpose of the chapter. I'm talking about the language here. So it says — Right. The false lien has to be filed on account of something, on account of the fact that they had been employed. And so I guess my question is, looking at that in context with officer-employee, can we understand that to mean that that includes both people who are currently employees, but also people who did enact, for which they're being retaliated against, but are no longer employees? In other words, former employees. I don't think you can make that same comparison. Why is that not — it seems pretty similar to Robinson, to the employee discrimination case, that we just — you and I agreed, straddled both current and former. So I'm having trouble understanding the distinction there. Because in Davis, in that particular retaliation statute, it was overwhelmingly clear, clearly inconsistent. And we don't have that overwhelmingness here. We have something that states something that is present tense, under any normal person's definition of the term. And we have a different statute within the same — with similar types of provisions that specifically include former employees. Is the answer — could the answer possibly be that this is a criminal statute, and we read and treat those differently than we would civil statutes? As a criminal lawyer, I always want that. You mean a criminal defense lawyer, not a criminal lawyer. Criminal defense lawyer. To follow up on one thing that Judge Leck was talking about. Yes, this will be the last question. So the thing I'm kind of hung up on is it says, while such officer or employee is engaged in or on account of performance of official duties, how do you read the while such officer or employee is engaged in if it's — if this is just limited to current officers? And so I think the reason you would — you could have that situation where it is, if a federal officer was on his lunch break, which happens a lot. I have lunch with a lot of cops. The officer or the agent is not engaged directly in the discharge of his duties eating lunch. And yet somehow some horrible past person he's arrested retaliates him and shoots him in the restaurant. Well, then you don't have a situation where he's discharging his duties, but you have a clear situation of on account of. Okay. Well, then what's a situation where it's just while he's engaged in his duties? It could be that you shot a police officer while he — or an FBI agent as you were fleeing from arrest. Well, then why isn't that on account of performance of official duties? It could be both. Well, can you give me a hypothetical where it's the while but not the on account of? Can I help you? I'm always — The while is while the performance is ongoing. The on account of is while the performance — is when the performance is completed. The IRS official has a lien placed on his or her home when they are investigating someone's tax liabilities, and the investigation is ongoing. That's while. But the lien can be placed when the investigation is over and now the person is going to be facing significant tax penalties or a federal indictment. That's on account of but not while. Okay. We have your case, Mr. Maines. We're adjourned for the day. All rise.